UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:24-cv-81532-DMM

SOHAIL KIYANI

    Plaintiff,
v.

RIC L. BRADSHAW, in his capacity as
Sheriff of Palm Beach County, Florida

    Defendant.
_____/

## JOINT DISCOVERY PLAN

**1.** **An estimated valuation of the case from the perspective of Plaintiff(s) and Defendant(s);**

<u>Plaintiff</u>: Plaintiff has serious damages in this case, and while a precise calculation of his case cannot be determined absent receipt of certain discovery or an expert's actuarial analysis, Plaintiff estimates the valuation of the case in an amount no less than $1,000,000.00 due to lost wages including back pay and front pay damages, significant emotional distress damages, punitive damages, and attorneys' fees. Plaintiff reserves the right to amend his valuation of the case with further investigation and discovery.

<u>Defendant</u>: Defendant believes that Plaintiff's case is baseless and unfounded. Accordingly, Defendant does not attribute any monetary value Plaintiff's claims.

**2.** **The date for exchanging initial disclosures pursuant to Rule 26(a)(1);**

February 18, 2025

**3.** **The subjects on which discovery may be needed;**

- Plaintiff's employment and personnel file.

- Plaintiff's request for accommodation.

- Plaintiff's claim for religious discrimination.

- Plaintiff's claim for disability discrimination.

- Plaintiff's claim for retaliation.

- Internal Communications of the Defendant regarding Plaintiff.

- Defendant's disability accommodation processes and policies.

- Defendant's religious accommodation processes and policies.

- Defendant's transfer procedures and policies.

- Defendant's promotion processes and policies, including Defendant's exam materials, grading sheets, recording of answers by test takers, and rating sheets.

- All formal and informal complaints or grievances made against Defendant related to Defendant's transfer procedures and policies and/or promotional processes and policies within the Department of Law Enforcement.

**4. Whether the Parties can agree to limit discovery on particular issues through stipulation;**

At this time, the parties cannot agree to limit discovery.

**5. What document discovery is needed;**

Requests for Production, Requests for Interrogatories, and Requests for Admissions.

**6. Whether discovery should be conducted in phases;**

There is no need to conduct discovery in phases.

**7. Whether the Parties expect to have disclosure, discovery, or preservation of electronically stored information, and if so, explain: (a) the main information and documents sought; (b) the expected costs of e-discovery; and (c) whether alternatives to e-discovery are possible.**

Plaintiff expects to request electronically stored documents and information from Defendant including (a) all items identified in No. 3 above; (b) Plaintiff is unable to determine the Defendant's cost of e-discovery but believes documents and information sought should be readily available to Defendant based on its record-keeping requirements under Florida Law; and (c) that there are no alternatives to this e-discovery.

Defendant expects (a) to request electronically stored information from Plaintiff regarding his requests for disability and religious accommodation, his communications regarding his employment with PBSO, communications regarding his transfer, and his medical documentation regarding his disability; (b) no associated additional cost to this e-discovery; and (c) that there are no alternatives to this e-discovery.

The parties are willing to enter into a Stipulation of Confidentiality & Protective Order.

**8.     What individuals each side intends to depose;**

Plaintiff:     Plaintiff intends to depose the following individuals, and with further investigation and discovery in this matter, Plaintiff reserves his right to amend the list of deponents at a future date.

  a. Lieutenant James Putnik
  b. Lieutenant Bobby Humphrey
  c. Captain Addazio
  d. Captain Andrew Richter
  e. Colonel Prieschl
  f. Major Tristan Moore
  g. Major Palenzuela
  h. Captain Rodney Thomas

Defendant:     Plaintiff, Sohail Kiyani

Others may be required based on the discovery provided by Plaintiff

**9.     Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

There are no issues about claims of privilege at this time.

**10.    What changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules;**

No changes should be made.

**11.    Whether early mediation or a settlement conference with a Magistrate Judge prior to the close of discovery would be helpful.**

The parties do not believe that early mediation or a settlement conference with a Magistrate Judge Prior to the close of discovery would be beneficial at this time.

At this time, the parties cannot agree to an early mediation or a settlement conference.

Respectfully submitted this 10th day of February 2025:

| | |
|---|---|
| */s/ Galen J. Criscione* <br> Galen J. Criscione, Esq. <br> Florida Bar No.: 0088593 <br> Criscione Ravala, LLP <br> 110 E. Broward Blvd. <br> Ft. Lauderdale, FL 33301 <br> (800) 583-1780, Ext. 501 <br> gcriscione@lawcrt.com | */s/Suhaill M. Morales* <br> Suhaill M. Morales, Esq. <br> Florida Bar No.: 84448 <br> SMM Law P.A. <br> 7900 NW 155 Street, Suite 203 <br> Miami Lakes, FL 33016 <br> 305-518-7026 <br> smorales@smmlawfirm.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document was served via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on all counsel or parties of record.

*/s/Suhaill M. Morales*
Suhaill M. Morales