UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SOHAIL KIYANI

    Plaintiff,

vs.                                              CASE NO.: 9:24-cv-81532-DMM

RIC L. BRADSHAW, in his capacity as
Sheriff of Palm Beach County, Florida        REMOTE ORAL ARGUMENT /
                                                                     CONFERENCE REQUESTED

    Defendant.

_____ /

## PLAINTIFF'S MOTION FOR CONTINUANCE
## OF CERTAIN PRETRIAL DEADLINES

    Plaintiff, Sergeant Sohail Kiyani ("Plaintiff" or "Sgt. Kiyani"), by and through his undersigned counsel, moves for a brief continuance of certain pretrial deadlines and, in support thereof, submits as follows:

    1.    Sgt. Kiyani filed his Complaint (ECF Doc. No. 1) in this action on December 10, 2024, alleging amongst other things, the urgent need for systematic change at the PBSO whereby 35 of 39 individuals promoted from Sergeant to Lieutenant have been Caucasian, including in the last three promotional exam processes held over the last six years since 2018.

    2.    Defendant, Ric L. Bradshaw, in his capacity as Sheriff of Palm Beach County ("Defendant"), filed an Answer (ECF Doc. No. 6) to Plaintiff's Complaint on January 02, 2025.

    3.    The Court issued an Order (ECF Doc. No 9) referring the case to Magistrate Judge Matthewman and setting trial during the two-week period commencing August 11, 2025.

    4.    The Court thereafter issued an expedited Pretrial Scheduling Order (ECF Doc. No

15) setting Pretrial deadlines and separately modifying the trial date to the two-week period commencing August 25, 2025, to accommodate Defendant's counsel vacation to Hawaii.

5. The parties have made good faith and diligent efforts to proceed actively in this action having a) exchanged Initial Disclosures; b) exchanged witness lists; c) exchanged approximately 2000 pages of documents; d) conducted Sgt. Kiyani's deposition; e) attended a settlement conference; and f) followed the Pretrial Scheduling Order in other material respects.

6. Thereafter, Plaintiff's First Set of Interrogatories and First Set of Request for Production were served on May 29, 2025. Defendant's counsel did not reject or otherwise object to the transmittal of Plaintiff's demands on that date. In fact, over a week after serving its discovery demands, our office was *first* advised on June 06, 2025, that Defendant did not intend to respond to Plaintiff's said discovery demands. This was despite the fact that counsel met on numerous occasions during this period, including to conduct Sgt. Kiyani's deposition on May 30, 2025, and to participate in a settlement conference before Magistrate Judge Matthewman on June 03, 2025.

7. We met and conferred with Defendant's counsel in good faith via e-mail on June 06, 2025, and again on June 09, 2025, and Defendant's counsel has maintained her position in that she does not intend to respond to Sgt. Kiyani's discovery demands.

8. Having left with no choice, Sgt. Kiyani now seeks a modest ~30-day continuance of certain dates of the Pretrial Scheduling Order (ECF Doc. No. 15), in that a) all discovery, including depositions, shall be completed by July 14, 2025 instead of June 12, 2025; b) compelling Defendant to respond to Plaintiff's Interrogatories and Request for Production no later than June 28, 2025; and c) permitting Plaintiff to provide Defendant's counsel with a written list with the names and addresses of all expert witnesses to be called at trial no later than July 14, 2025.

9. Sgt. Kiyani's request for continuance of dates specified above is limited in

scope and it does not pose prejudice or a significant burden on the Defendant or its counsel. Plaintiff is not seeking to modify the Pretrial Scheduling Order in any other respect, and the documents and information sought are already in the Defendant's custody, control, or possession as Defendant's counsel has defended the Defendant in a related Union Arbitration and EEOC hearing. This is not a new subject matter for Defendant or Defendant's counsel.

10. Rather, there would be *extreme* prejudice to Sgt. Kiyani, as he is entitled to be aware of and consider *all* facts essential to the case in order to prove his case and justify any opposition to Defendant's motion for summary judgement, which Defendant has advised it intends to file. If a party cannot present facts essential to justify its opposition to a motion for summary judgment, the Court may a) defer considering the motion; b) allow time to take discovery; or c) issue any appropriate order. *See* Fed. R. Civ. P. 56(d).

11. Moreover, just two days prior to Defendant's May 30 deposition of Sgt. Kiyani, it became more evident that Sgt. Kiyani would be required to retain an expert witness given that this was the first instance Defendant presented the results of the 2024 promotional exam process.

12. Retaining an expert witness in early March would have potentially been disadvantageous to Sgt. Kiyani, since at that time, he did not have the information that is available now, nor would it have been efficient to litigate, hire an expert, and engage in expert discovery at that early stage.

13. Separately, Plaintiff's counsel leading this matter faced personal and emergent health matters with an immediate family member that required a visit to the Emergency Room on February 25, 2025, a visit to the urgent care on March 01, 2025, a visit to a specialist physician's office on March 05, 2025, March 17, March 31, 2025, April 16, 2025, and April 21, 2025, concluding with a required surgery that was finally performed on May 21, 2025.

14. Pursuant to the Federal Rules, the Court may, for good cause, extend time. *See* Fed. R. Civ. P. 16(b)(4).

15. The requested continuance is made in good faith and not for purposes of delay. Moreover, no party will be prejudiced by the relief requested herein, because Sgt. Kiyani is not seeking to adjourn other Pretrial deadlines or delay trial, only a modest continuance to complete discovery, including material information required to prosecute his case. In fact, he is keen to proceed with trial in this matter expeditiously and is not seeking to adjourn the trial date.

WHEREFORE, the Plaintiff respectfully requests the Court to grant a brief continuance of certain limited Pretrial deadlines in that, a) allow all discovery, including depositions, to be completed by July 14, 2025; b) compel Defendant to respond to Plaintiff's Interrogatories and Request for Production no later than June 28, 2025; c) permit Plaintiff to provide Defendant's counsel with a written list with the names and address of all expert witnesses intended to be called at trial no later than July 14, 2025, and d) provide such other and further relief that this Court deems just and proper, for this matter to be tried on the merits.

Dated: June 10, 2025

Respectfully submitted,

CRISCIONE RAVALA, LLP

*/s/ Galen J. Criscione*
By: Galen J. Criscione, Esq.
FL Bar No: 0088593
110 E. Broward Blvd.
Ft. Lauderdale, FL 33301
Ph: (800) 583-1780, Ext. 501
Fax: (800) 583-1787
gcriscione@lawcrt.com
*Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

Counsel for Plaintiff has conferred with Counsel for Defendant regarding the relief sought in this application and said counsel opposes the relief sought herein.

Dated: June 10, 2025                                       Respectfully submitted,

                                                           CRISCIONE RAVALA, LLP

                                                           /s/ Galen J. Criscione
                                                           By: Galen J. Criscione, Esq.
                                                           FL Bar No: 0088593
                                                           110 E. Broward Blvd.
                                                           Ft. Lauderdale, FL 33301
                                                           Ph: (800) 583-1780, Ext. 501
                                                           Fax: (800) 583-1787
                                                           gcriscione@lawcrt.com
                                                           *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court and served via CM/ECF on this 10th day of June 2025 to counsel for Defendant, by the designated service email address(es) registered on the Court's filing system.

Dated: June 10, 2025                                       Respectfully submitted,

                                                           CRISCIONE RAVALA, LLP

                                                           /s/ Galen J. Criscione
                                                           By: Galen J. Criscione, Esq.
                                                           FL Bar No: 0088593
                                                           110 E. Broward Blvd.
                                                           Ft. Lauderdale, FL 33301
                                                           Ph: (800) 583-1780, Ext. 501
                                                           Fax: (800) 583-1787
                                                           gcriscione@lawcrt.com
                                                           *Attorneys for Plaintiff*