UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-81532-CV-MIDDLEBROOKS

SOHAIL KIYANI,

        Plaintiff,

vs.

RIC L. BRADSHAW, in his capacity as
Sheriff of Palm Beach County, Florida,

        Defendant.
_____/

## ORDER ON MOTION FOR CONTINUANCE AND MOTION FOR PROTECTIVE ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Continuance of Certain Pretrial Deadlines and Defendant's Motion for Protective Order Prohibiting Plaintiff's First Request for Production and First Set of Interrogatories, both filed on June 10, 2025. (DE 22; DE 23). Because the two Motions are related, I consider them together. The Motions are denied.

This matter involves several allegations of workplace retaliation, along with religious and disability discrimination. Plaintiff filed his seven-count Complaint on December 10, 2024. (DE 1). On February 25, 2025, a Pretrial Scheduling Order set a discovery deadline for June 12, 2025. (DE 22). The instant Motions concern Plaintiff's discovery requests, which were first served on the Sheriff on May 29, 2025. (DE 22-1). These requests consist of 27 interrogatories and 75 requests for production, and follow months of other discovery, including the exchange of initial disclosures and witness lists, and the exchange of approximately 2,000 pages of documents. (DE 22 at 2).

Because the discovery deadline is set for June 12, 2025, the Sheriff professes that he does not have adequate time to respond to the requests for production and interrogatories, as he was not

allotted the 30 days provided for by the Federal Rules of Civil Procedure, in violation of both federal and Local Rules. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A); *see also* S.D. Fla. Local Rule 26.1(d). He further observes that the requested interrogatories exceed Rule 33's limit of 25 written interrogatories. Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered . . . a party may serve on any other party no more than 25 written interrogatories."). Consequently, the Sheriff requests a protective order absolving him of his obligation to respond to Plaintiff's discovery requests. For his part, Plaintiff seeks a 30-day continuance of the discovery deadline. (DE 23).

I decline to grant Plaintiff's request for a continuance, as his need for additional time is a problem of his own making. As he concedes, Plaintiff served his First Set of Interrogatories and First Set of Request for Production on May 29, 2025, a mere two weeks before the discovery deadline. (DE 23 at 2). Not only was such filing prohibitively late under the federal and Local Rules, but Plaintiff also failed to seek leave to submit more than 25 written interrogatories. In light of these oversights, and because the Parties have already engaged in substantial discovery, I will deny Plaintiff's Motion. Because the discovery deadline expires tomorrow, Defendant's request for a protective order is moot. However, I expect the Sheriff to act in good faith, and provide as many answers and requested documents as possible prior to the June 12, 2025 deadline.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion (DE 23) is **DENIED**, and Defendant's Motion (DE 22) is **DENIED AS MOOT**.

**SIGNED** in Chambers in West Palm Beach, Florida, this 11th day of June, 2025.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

CC: Counsel of Record

2